In the Matter of the Estate of FRANK DUDEK, Also Known as FRANCISZEK DUDEK, Deceased.

Surrogate's Court, Queens County, February 1, 1930.

*Francis X. Wazeter*, for the executor.

*Jacob Essner*, special guardian.

NEWCOMBE, S. Frank Dudek, also known as Franciszek Dudek, died a resident of the county of Queens, leaving a last will and testament, bearing date the 19th day of April, 1918, which was duly admitted to probate by the Surrogate's Court of the county of Queens on the 29th day of May, 1918. The said will, which this court has been requested to construe, reads in part as follows:

" *Second.* I do hereby give, devise and bequeath unto Stanislaw Kaczor, residing at No. 209 Eagle street, Brooklyn, N. Y., for the following uses and purposes, all my property, real, personal or mixed, wheresoever situated: He·shall have the power and I request him to sell those certain lots I own, and which are mentioned in a certain deed recorded in the Queens County Clerk's office on August 15th, 1914, in Liber 1960 of Conveyances, page 392, as soon after my death, as he may deem advisable or practical, for the best interests of my children.

" *Third.* The said Stanislaw Kaczor is hereby authorized and empowered to take any and all steps he may be advised and consider necessary to collect from the City of New York a certain award made or to be made in condemnation proceedings now pending in Queens County. He shall be empowered to exercise all the powers I would or could have in the premises.

" *Fourth.* I do hereby nominate, constitute and appoint my dear friend and relative the said Stanislaw Kaczor, of No. 209 Eagle street, Brooklyn, N. Y., the sole executor of this my last will and testament and feel confident that he will exercise the duties and powers as such to the best interests of my children.

" *Fifth.* I do hereby nominate, constitute and appoint the said Stanislaw Kaczor the testamentary guardian of each of my children, and as such he shall have the power to collect, receive and deposit in bank all moneys realized from my estate. He shall use said moneys for the care, support, clothing and maintenance of my children.

" *Sixth.* The following are my children: Mary Dudek, age fourteen years; Rozalia Dudek, age twelve years; Cecilia Dudek, age nine years. It is my intention and direction that each of my said above named children shall share in my estate in equal proportion, share and share alike. I do hereby direct that upon reaching majority the said guardian pay over the balance of their respective distributive share.

" *Seventh.* My said executor shall have the power to withdraw all moneys I have in bank and elsewhere, and I do hereby give and bequeath unto him all the said money and personal property of any and all kind and description and wheresoever situated and to use the same for the support and maintenance of my said three children during their minority."

Said Frank Dudek was survived by said three infant children, all of whom are now of age, except Cecilia Dudek, who is a minor, age twenty years. The said testator died seized of the following described real property: 1. Two lots described in paragraph 2 of the said will, situated in Jamaica, Queens county. 2. A small gore of land remaining from two other lots which were taken in condemnation proceedings by the city of New York for the widening of Sutphin boulevard, Jamaica, Queens county. The foregoing property was sold by said executor and a question has now been raised as to his power and authority to sell parcel No. 2. It is apparent from the provisions of this will that the testator intended to give his entire estate, both real and personal, to Stanislaw Kaczor, to be used for the support and maintenance of said children during their respective minorities. The testator evidently believed that the city of New York had taken title to the property situated on Sutphin boulevard, and that he had given all his real property to his executor with full power to sell and convey. He certainly did not intend that the executor should hold an unproductive gore of real property during the minority of said children. It is a well-settled rule of construction that the intent of the testator, as gathered from the whole will, must control, and I am of the opinion that the power of sale given said executor applied to and included all the real property of which the said Frank Dudek died seized, and that said executor had full power and authority to sell and convey the said gore of land remaining from the two lots which were taken in condemnation proceedings by the city of New York for the widening of Sutphin boulevard.

Enter decree accordingly.